NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS D. ANDERSON,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>D. SCOTT, #2251; J. BERMUDEZ, #1832;<br>K. SHORE, #0102, Lt.; M. GAYNOR,<br>#2139; C. NEWMAN, #2088; AVONDALE<br>POLICE DEPARTMENT; J. MENDEZ,<br>(#2145) Officer; DOES, unknown parties,<br>possibly named: J Neader #2145; Phil Cf,<br>Risk Management; Chief of Police Avondale,<br><br>            Defendants-Appellees. | No. 22-16086<br><br>D.C. No. 2:21-cv-01510-GMS-ESW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted May 16, 2023[**]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Nicholas D. Anderson appeals pro se from the district court's judgment

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (dismissal of an action as time-barred); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal of an action under 28 U.S.C. § 1915(e)). We affirm.

The district court properly dismissed Anderson's action as time-barred because Anderson's claims accrued more than two years before Anderson filed this action, and even with the benefit of any applicable tolling, Anderson's claims are barred by the statute of limitations. *See Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) ("Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules."); *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999) (explaining that civil rights claims accrue, based on federal law, "when the plaintiff knows or has reason to know of the injury which is the basis of the action;" and that "[i]n Arizona, the courts apply a two-year statute of limitations to § 1983 claims").

**AFFIRMED.**